UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
|     *Plaintiff,* | ) | |
| v. | ) | No.1:06-cv-104 |
| | ) | *Edgar* |
| FOUNTAINBLEAU APARTMENTS | ) | |
| L.P.; CLARK W. TAYLOR, INC.; | ) | |
| CLARK W. TAYLOR; JANE | ) | |
| MCELROY; CWT MANAGEMENT | ) | |
| INC.; AND ELIZABETH FOSTER, | ) | |
| | ) | |
|     *Defendants.* | ) | |

**MEMORANDUM**

Defendants Fountainbleau Apartments L.P., Clark W. Taylor, Inc., Clark W. Taylor, Jane McElroy, CWT Management Inc., and Elizabeth Foster (collectively "Defendants") move for attorneys' fees pursuant to the Fair Housing Act ("FHA"), 42 U.S.C. § 3614(d)(2), and the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A), for their fees generated in opposing Plaintiff United States of America's motion to enforce a settlement agreement. [Court Doc. No. 81]. The government opposes the motion. [Court Doc. No. 84].

The court has reviewed the record, the arguments of the parties, and the applicable law and has determined that Defendants' motion will be **DENIED**.

    **I.**    **Background**

The pertinent background facts relating to this motion have been previously described in this Court's memorandum denying the government's motion to enforce the settlement agreement. *See* [Court Doc. No. 80]. Therefore, the court will not repeat them in great detail here. Following the government's filing of a motion for partial summary judgment, this court

determined that Defendants had violated the non-discrimination provisions of the FHA pertaining to familial status at the Fountainbleau Apartments. The court issued a memorandum and order granting the government's motion for partial summary judgment pertaining to Defendants' substantive FHA liability with respect to the Fountainbleau Apartments. [Court Doc. Nos. 54, 55]. The parties then attempted to settle the matter.

The government brought a motion to enforce a settlement agreement and entry of a consent order in this case following the parties' failed settlement negotiations. [Court Doc. No. 65]. The Defendants opposed the motion claiming that the Defendants did not agree with all of the injunctive relief contained in the final version of the settlement agreement at issue. [Court Doc. No. 69]. On March 24, 2009 this court held a hearing regarding whether the parties entered into a binding settlement agreement. Following additional briefing by the parties, the court concluded that there was no binding settlement agreement and denied the government's motion. [Court Doc. No. 80]. Defendants now seek attorneys' fees as "prevailing parties" pursuant to the FHA and the EAJA for their successful opposition of the motion to enforce the settlement agreement.

**II.     Analysis**

The FHA states in relevant part:

> In a civil action under this section, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorneys' fee and costs. The United States shall be liable for such fees and costs to the extent provided by section 2412 of Title 28.

42 U.S.C. § 3614(d)(2). The provision of the EAJA referenced in the FHA, 28 U.S.C. § 2412, provides:

> Except as otherwise specifically provided by statute, a court shall award to a

> prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action . . . brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

As the federal courts have made clear,

> in order to recover attorney fees under the EAJA, three conditions must be met: 1) the plaintiff must be a prevailing party; 2) the government's opposition must be without substantial justification; and 3) no special circumstances warranting denial of fees may exist.

*Perket v. Secretary of Health and Human Serv.*, 905 F.2d 129, 132 (6th Cir. 1990); *see also, Commisioner, Immigration and Naturalization Service v. Jean*, 496 U.S. 154, 158, 110 S.Ct. 2316, 2319 (1990); *Townsend v. Social Security Admin.*, 486 F.3d 127 (6th Cir. 2007); *Marshall v. Comm. of Social Security*, 444 F.3d 837, 840 (6th Cir. 2006). In addition,

> "[w]hile the parties' postures on individual matters may be more or less justified, the EAJA – like other fee-shifting statutes – favors treating a case as an inclusive whole, rather than as atomized line-items." Thus, a fee applicant must meet the EAJA's four requirements only once to establish an entitlement to attorney fees and expenses.

*Townsend*, 486 F.3d at 130 (quoting *Jean*, 496 U.S. at 161-62, 110 S.Ct. 2316).

### 1. Prevailing Party

As the United States Supreme Court has made clear, "[t]he touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties in a manner which Congress sought to promote in the fee statute. Where such a change has occurred, the degree of the plaintiff's overall success goes to the reasonableness of the award under *Hensley*, not to the availability of a fee award *vel non*." *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792-93, 109 S.Ct. 1486, 1494 (1989)(citing *Hensley v. Eckerhart*, 461

U.S. 424, 433, 103 S.Ct. 1933, 1939 (1983)).  In addition, parties are not "prevailing parties" pursuant to the EAJA if they have failed to prevail "on the merits of any" of their claims. *Kitchen Fresh, Inc. v. National Labor Relations Board*, 729 F.2d 1513 (6th Cir. 1984).  Indeed, "[a]lthough the procedural victory won by the petitioner may affect the disposition of petitioner's claims, the procedural victory itself is insufficient to establish that the petitioner has prevailed for the purposes of an award of attorneys' fees pursuant to the Equal Access to Justice Act."  *Id.* (citing *Hanrahan v. Hampton*, 446 U.S. 754, 758-59, 100 S.Ct. 1987, 1989-90 (1980)).

In *Buckhannon Board and Care Home, Inc. v. West Virginia Dep't of Health and Human Resources*, the U.S. Supreme Court explained the analysis courts must undertake in determining whether a party has "prevailed" under attorney fee provision statutes:

> Our "[r]espect for ordinary language requires that a plaintiff receive at least some relief on the merits of his claim before he can be said to prevail."  We have held that even an award of nominal damages suffices under this test.
>
> In addition to judgments on the merits, we have held that settlement agreements enforced through a consent decree may serve as the basis for an award of attorney's fees.  Although a consent decree does not always include an admission of liability by the defendant, it nonetheless is a court-ordered "chang[e] [in] the legal relationship between [the plaintiff] and the defendant."  These decisions, taken together, establish that enforceable judgments on the merits and court-ordered consent decrees create the "material alteration of the legal relationship of the parties" necessary to permit an award of attorney's fees.
>
> We think, however, the "catalyst theory" falls on the other side of the line from these examples.  It allows an award where there is no judicially sanctioned change in the legal relationship of the parties.  Even under a limited form of the "catalyst theory," a plaintiff could recover attorney's fees if it established that the "complaint had sufficient merit to withstand a motion to dismiss for lack of jurisdiction or failure to state a claim on which relief may be granted."  This is not the type of legal merit that our prior decisions, based upon plain language and congressional intent, have found necessary.  Indeed, we held in *Hewitt* that an interlocutory ruling that reverses a dismissal for failure to state a claim "is not the stuff of which legal victories are made."  A defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by

> the lawsuit, lacks the necessary judicial *imprimatur* on the change. Our precedents thus counsel against holding that the term "prevailing party" authorizes an award of attorney's fees *without* a corresponding alteration in the legal relationship of the parties.

532 U.S. 598, 603-04, 121 S.Ct. 1835, 1839-40 (2001) (quoting *Hewitt v. Helms*, 482 U.S. 755, 760, 107 S.Ct. 2672 (1987); *Texas State Teachers Ass'n*, 489 U.S. at 792, 109 S.Ct. 1486) (other citations omitted); *see also Marshall*, 444 F.3d at 840 (applying principles of *Buckhannon* to EAJA).

Defendants cite two immigration cases that they contend are analogous to the situation in this case. *See Nadarajah v. Holder*, __ F.3d __, 2009 WL 1588678 (9th Cir. 2009); *Al-Ghanem v. Gonzales*, No. 2:06-CV-320, 2007 WL 446047 (D. Utah Feb. 7, 2007). In *Nadarajah* the immigrant petitioner, who had been detained for several years following his arrival in the United States, appealed from the district court's denial of a petition for a writ of habeas corpus. 2009 WL 1588678 at *1. The Ninth Circuit "reversed the district court's decision, determining that the immigration agency abused its discretion by denying Nadarajah's request for parole. The court also granted Nadarajah's motion for release pending appeal and ordered his immediate release from detention." *Id.* The court then analyzed the petitioner's request for attorneys' fees under the EAJA.

In *Al-Ghanem* the petitioner was an Iraqi refugee who had filed an application for naturalization with the Office of Citizenship and Immigration Services and received no final action on the application for four years. 2007 WL 446047 at *1. The petitioner then filed a suit in federal court pursuant to 8 U.S.C. § 1447(b) seeking a hearing before the district court. *Id.* Two months after petitioner filed the suit, the parties jointly moved to remand the case to the Department of Homeland Security ("DHS"). The court then ordered a remand directing the DHS

to give petitioner the oath of citizenship within 15 days. The court then analyzed whether the petitioner could receive attorneys' fees pursuant to the EAJA and concluded:

> The Court finds that, even absent the Court's ruling that the Order of Remand was a final judgment in this matter, the binding case law supports a finding that Petitioner is a "prevailing party" for purposes of the EAJA. The Supreme Court has held that a petitioner may prevail for attorney fee purposes "even though he succeeded on only some of the claims for his relief." Further, "[t]he court looks to the substance of the litigation to determine whether an applicant has substantially prevailed in its position, and not merely the technical disposition of the case or motion."
>
> The Petition in this case prays for the following relief: that the Court "enter a judgment that Petitioner is entitled to a hearing on his naturalization application, or in the alternative, remand the application to USCIS for immediate adjudication and enter a judgment that Petitioner is entitled to an adjudication within 15 days of said order." As in *Kopunec*, the Court here finds that the Order of Remand "constitute[d] a substantial victory of [Petitioner's] position" and a "significant achievement of the benefit [Petitioner] sought in bringing the suit." Moreover, the Order represents the precise and full relief Petitioner sought, both technically and substantively.

*Id.* at 2 (citing *Kopunec v. Nelson*, 801 F.2d 1226, 1229 (10th Cir. 1986)).

This case bears little resemblance to the two immigration cases Defendants cite. In *Nadarajah* the Ninth Circuit ordered the petitioner's immediate release from detention. 2009 WL 1588678 at *1. In *Al-Ghanem* the court provided the petitioner with the precise substantive relief he sought, namely remand to DHS for immediate adjudication. 2007 WL 446047 at *1-2.

In contrast, in this case, although Defendants succeeded in their opposition to the government's motion to enforce the settlement agreement, the enforcement of the settlement agreement constituted a collateral issue that had little bearing on the substantive merit of the case. This court's denial of the motion to enforce merely returned the parties to the position they were in prior to the failed settlement negotiations. This court found substantive liability under the Fair Housing Act pertaining to the Fountainbleau Apartments, and the parties are still

proceeding to trial regarding the amount of Defendants' liability. Such an outcome hardly constitutes even partial success on the ultimate merits of the case.

Defendants argue that by bringing the motion to enforce the settlement agreement, the government has somehow created an entirely new substantive case that Defendants were forced to defend. Thus, they contend that their success in the collateral matter deserves compensation for attorneys' fees pursuant to the EAJA. This court disagrees. *Buckhannon* makes clear that there must be a "'material alteration of the legal relationship of the parties'" for a party to achieve prevailing party status. 532 U.S. 598, 603-04, 121 S.Ct. 1835, 1839-40 (2001). The denial of the motion to enforce the settlement agreement simply did not do anything but place the parties back into their original positions with a pending trial regarding damages and injunctive relief. It did not alter the legal relationship between the parties. Defendants are still liable for violations of the FHA in an undetermined amount. This hardly constitutes some form of partial substantive success, or "the stuff of which legal victories are made." *Buckhannon*, 532 U.S. at 603-04, 121 S.Ct. 1835, 1839-40.

### 2. Substantial Justification

The United States bears the burden of demonstrating that its position was substantially justified. *Willis v. Sullivan*, 730 F.Supp. 785, 787 (M.D. Tenn. 1990) (citing *United States v. 0.376 Acres of Land*, 838 F.2d 819 (6th Cir. 1988); *Sigmon Fuel Co. v. Tennessee Valley Authority*, 754 F.2d 162 (6th Cir. 1985)). As the Supreme Court has made clear, to be substantially justified, the government's position must be " 'justified in substance or in the main' – that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 108 S.Ct. 2541, 2550 (1988) (citations omitted).

In addition, "a position can be justified even though it is not correct, and we believe it can be substantially (*i.e.*, for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Pierce*, 487 U.S. at 566 n. 2, 108 S.Ct. at 2550 n.2. Although the court has already concluded that the Defendants were not "prevailing parties," the court further concludes the government was substantially justified in taking its position regarding the settlement agreement. The parties had filed a notice of settlement. *See* [Court Doc. No. 58]. In addition, the mediator testified at the hearing on the motion to enforce the settlement agreement that he believed the parties had settled the matter. A position can be substantially justified even if it is not correct. *See Pierce*, 487 U.S. at 566 n.2. The court finds that although it did not ultimately agree with the government's position, the government was taking the position of a reasonable person in believing that a settlement had been entered given the mediator's position on settlement and the filing of the notice of settlement. Therefore, even if the Defendants were determined to be "prevailing parties," they would still not be entitled to attorneys' fees because the government's position was substantially justified.

### IV. Conclusion

For the reasons stated herein, this court will **DENY** Defendants' motion for attorneys' fees pursuant to the EAJA.

A separate order will enter.

                */s/ R. Allan Edgar*
                R. ALLAN EDGAR
            UNITED STATES DISTRICT JUDGE

Case 1:06-cv-00104  Document 89  Filed 07/13/09  Page 8 of 8  PageID #: 643